# IN THE COURT OF APPEALS OF IOWA

No. 16-1815
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON JEROME WILLIAMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,
Judge.


        A defendant appeals the court's decision to admit into evidence a 911 tape
of the victim over his Confrontation Clause objection.  **AFFIRMED.**


        Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.


        Considered by Doyle, P.J., Mullins, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Following a bench trial, Jason Williams appeals his conviction for possession of a firearm as a felon, operating while barred as a habitual offender, and domestic abuse assault causing bodily injury.[1] *See* Iowa Code §§ 321.560, 321.561, 708.2A(2)(b), 724.26(1) (2015). He asserts on appeal the district court violated his Confrontation Clause rights by admitting the entire recording of the 911 phone call the victim made on the morning of the incident. Because we conclude the admission of the recording did not violate the Confrontation Clause, we affirm his conviction.

**I. Background Facts and Proceedings.**

At approximately 8:00 a.m. on October 31, 2015, Williams arrived at the home of Patricia Schultz.[2] When his key failed to open the door, Williams began banging on the doors and windows, attempting to wake up Schultz to let him in. Awakened, Schultz dialed 911 to report that Williams was at the house and that he was not supposed to be there. As Williams banged on the window, he saw Schultz inside with another man. Williams then pushed in the window and climbed inside. He assaulted Schultz and pointed a gun at the other man before leaving the house.

Prior to trial, Williams filed a motion in limine, seeking to exclude the recording of Schultz's 911 call on hearsay and Confrontation Clause grounds. On the morning of trial, the district court overruled the objection to the admission of the 911 recording and concluded the evidence was properly admitted as it fit within

---

[1] The district court also found Williams not guilty of first-degree burglary and going armed with intent.
[2] Testimony at trial indicated Williams and Schultz were both on the lease and had keys to the house.

multiple exceptions to the hearsay rule. *See* Iowa R. Evid. 5.803(1), (2), (6) (outlining the present-sense-impression, excited-utterance, and business-record hearsay exceptions). Schultz did not testify at trial, but the other man present in her house the morning of the incident did testify, as did Williams. The court found Williams guilty on three of the charges filed against him, and Williams was sentenced to a total of five years in prison, with credit for time served.

## II. Scope and Standard of Review.

Our standard of review is de novo for claims involving a violation of the defendant's right to confront his accuser. *State v. Schaer*, 757 N.W.2d 630, 633 (Iowa 2008).

## III. Confrontation Clause.

Williams asserts his Confrontation Clause rights were violated when Schultz's 911 recording was admitted into evidence in its entirety.[3] The Confrontation Clause gives the defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. "[T]his provision bars 'admission

---

[3] As an initial matter, the State asserts Williams did not preserve error on his Confrontation Clause claim. The State agrees that Williams raised the issue in front of the district court, but the court only ruled on the hearsay objections. The State asserts Williams was required to seek a ruling from the district court on the Confrontation Clause in order to preserve the issue for appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). However, "[i]f the court's ruling indicates that the court considered the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). The Confrontation Clause argument was presented to the district court, and in the district court's ruling, the court acknowledged Williams had asserted a violation of his confrontation rights. The court then stated it admitted the evidence over defense counsel's objection. Because the record indicates the court was aware of the Confrontation Clause claim made, it considered the claim, and the court's ruling admitting the recording necessarily ruled on the claim, we consider the issue preserved for our review. *See id.*

of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis v. Washington*, 547 U.S. 813, 821 (2006) (citation omitted). Schultz did not appear for trial,[4] and thus, Williams asserts the statements Schultz made on the 911 recording were improperly admitted because the statements were testimonial.

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 822.

Williams claims the court should not have admitted the initial portion of the call because Schultz's voice was calm when she was providing her name, address, and phone number and describing the reason for the call. It was not until Williams gained entrance into the house through the window that Schultz's voice became alarmed and, in Williams's opinion, an emergency occurred. We do not find the tone of Schultz's voice dispositive as to when a statement is testimonial or nontestimonial. The Supreme Court in *Davis* stated: "A 911 call, . . . at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." *Id.* at 827 (alterations in original). On

---

[4] The district court's decision noted its understanding was that Schultz became uncooperative with the State and refused to testify against Williams.

the other hand, police interrogations "solely directed at establishing the facts of a past crime, in order to identify (or provide evidence to convict) the perpetrator" are considered testimonial. *Id.* at 826.

In this case, Schultz contacted the police not to give a statement of a past crime so that police could identify or obtain evidence to convict the perpetrator but to seek the assistance of the police in an ongoing situation involving Williams. Williams was seeking to gain entry to the house, and Schultz did not want him to come in. In asking for police assistance, she called 911 and provided her identifying information and a description of why she needed assistance. The primary purpose of Schultz providing the information was to enable the police to meet an ongoing emergency occurring at her home. We thus conclude Schultz's statements on the 911 call were not testimonial and the district court correctly admitted the recording over Williams's Confrontation Clause objections.

**AFFIRMED.**